In re Mark Edward COMER Carla
Jean Comer, Debtors

Mark Edward Comer, Carla
Jean Comer, Plaintiffs

v.

United States Social Security
Administration,
Defendant.

Bankruptcy No. 07–70908.
Adversary No. 07–07062.

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

April 18, 2008.

Mark S. Lewis, Christiansburg, VA, for Plaintiffs.

Social Security Administration, pro se.

Thomas L. Eckert, Office of the U.S. Attorney, Roanoke, VA, for Defendant.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Roanoke in said District this 18th day of April, 2008:

The matter before the court is a complaint proceeding instituted by the above-captioned Debtors for recovery of a setoff by the United States Social Security Administration (herein the SSA) of the Debtors' federal tax refund for the calendar year 2006 against indebtedness owed to the SSA for overpayment to the Debtors of benefits during the period from May 2002 until July 2004. The first statutory basis for recovery of the setoff asserted by the Debtors is 11 U.S.C. § 547(b).[1] The Debtors assert their right to step into the trustee's position under 11 U.S.C. § 547 and 11 U.S.C. § 550(a) as a result of 11 U.S.C. § 522(g) and (h).[2] The second statutory basis for recovery of the setoff is 11 U.S.C. § 553(b) and the debtors' right to recover the setoff is derivative as a result of 11 U.S.C. § 522(g) and (h).

The parties have stipulated the relevant facts. (*See* Stipulation of Facts, Nov. 16, 2007.) The stipulated facts show that during the period of time from December 1995 to July 2004, the Debtors received overpayments from the SSA of $7,416.00. (Stipulation ¶ 6.) The female Debtor filed a 1040 tax return for the tax year 2006 which showed an entitlement to a tax refund of $2,577.00. (Stipulation ¶¶ 7–8.)

The Internal Revenue Service (herein the IRS) notified the female Debtor on April 13, 2007, that her 2006 tax refund was being applied to the SSA overpayment claim and on April 21, 2007, the SSA offset the 2006 tax refund against its claim for overpayment and this offset was applied to the Debtors' December 1998 to December 1999 SSA overpayment debt. (Stipulation ¶¶ 9–11.)

The parties also stipulated that the Debtors scheduled their 2006 income tax refund in Schedule B and that they claimed it as exempt under Virginia Homestead Exemption statutes in Schedule C and perfected the claim to the exemption by amended homestead deed on July 11, 2007. (Stipulation ¶¶ 12–15.) The female Debtor was advised on July 24, 2007, that the tax refund had been applied to her overpayment debt and that the balance of the debt was $4,839.04. (Stipulation ¶ 17.) Finally, the stipulation shows that the debtors' Chapter 7 proceeding was filed on June 11, 2007. (Stipulation ¶ 4.)

### *Discussion:*

At the outset, the court will dispose of the Debtors' preferential transfer position. In order for there to be a preferential transfer under 11 U.S.C. § 547(b), there is a requirement of a pre-petition "transfer" of an interest of the debtor in property. *See* 11 U.S.C. § 547(b) (2006). Transfer is a term of art which is defined in 11 U.S.C. § 101(54).[3] The term "setoff"

1. This Code section permits avoidance of preferential transfers made within ninety (90) days of the filing of the debtors' petition for relief and 11 U.S.C. § 550(a) permits the trustee in bankruptcy to recover a transfer avoided under 11 U.S.C. § 547.

2. 11 U.S.C. § 522(g) permits a debtor to exempt property that the trustee recovers under 11 U.S.C. section 550 "to the extent that the debtor could have exempted such property ... if such property had not been transferred." Under 11 U.S.C. 522(h), the debtor

is entitled to avoid a transfer of property of the debtor or recover a setoff if the transfer is voidable by the trustee under 11 U.S.C. § 547 and the trustee does not attempt to avoid such transfer. In summary, there has to be a voidable preference under 11 U.S.C. § 547 which the trustee does not pursue and the property recoverable must have been exemptable by the debtor.

3. "(54) The term 'transfer' means—(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a

is omitted from the definition of transfer in 11 U.S.C. § 101(54). The legislative history to 11 U.S.C. § 101(54) explains the omission in clear terms: "inclusion of 'set-off' is deleted. The effect is that a 'setoff' is not subject to being set aside as a preferential 'transfer' but will be subject to special rules." *See* 5 *Collier on Bankruptcy* ¶ 553.09[2][a] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). Further, *Durham v. SMI Indus. Corp.*, 882 F.2d 881, (4th Cir.1989), stands for the proposition that only if a setoff is invalid and no right of setoff exists in bankruptcy is 11 U.S.C. § 547 applied. *See id.* at 882.

In summary, the Debtors cannot utilize 11 U.S.C. § 547 for purposes of recovery of the setoff unless the setoff was not valid. The Debtors have not put into issue the validity of the setoff by any factual allegations in their complaint. Accordingly, for purposes of this decision and order, there was a proper and valid setoff of the Debtors' 2006 federal income tax refund against the pre-petition indebtedness owed by the Debtors to the SSA for overpayment of Social Security benefits.[4]

■ The only statutory basis upon which the Debtors can rely in order to recover a setoff is 11 U.S.C. § 553(b). In relevant part it provides as follows:

(b)(1) ... if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—(A) 90 days before the date of the filing of the petition; and (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) In this subsection, 'insufficiency' means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

■ The Code section just quoted permits recovery if an insufficiency as defined in 11 U.S.C. § 553(b)(2) arises as a result of a setoff of a mutual debt. At the outset, the Creditor's right to setoff based upon mutuality has not been contested by the Debtors.[5] It is apparent on the face of the pleadings and the stipulations that the three elements necessary to establish a creditor's right to a setoff are present in this case. They are: (1) A debt owing by the creditor to the debtor which arose before the commencement of the case. In this case, the debt owed by the Creditor arises as a result of the female Debtor's entitlement to a 2006 federal income tax refund. Her right to that refund arose on December 31, 2006, when her tax year closed and all of the facts which would give rise to her right to claim a 2006 tax refund were established.[6] Thus, on December 31, 2006, the female Debtor was owed a tax

---

debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—(i) property; or (ii) an interest in property."

4. The debtors, in their memorandum in support of their complaint, attempt to argue that the burden is on the SSA to prove the validity of its setoff and argue that the SSA has not put any proof in the record that either the SSA or the IRS complied with preconditions required by the Federal Intercept Statute, 26 U.S.C. § 6402(d) and 31 U.S.C. § 3720(A), or its regulations before setting off against debtors' tax return. Since no facts were alleged to put the validity of the setoff in issue, the debtors fail in this argument. It is simply a non-issue.

5. The debtors acknowledge the adoption of the "unitary federal creditor position" in the Western District of Virginia as set forth in *In re Moore*, 350 B.R. 650, 654 (Bkrtcy.W.D.Va. 2006), and that it is favored by the majority of courts addressing the issue.

6. *See* the definition of "claim" in 11 U.S.C. § 101(b)(A). Debtor's "right to payment" arose on December 31, 2008.

refund from the federal government in the amount of $2,577.00. (2) There must be a claim of the creditor (in this case the SSA's overpayment claim) against the debtors which also arose before the commencement of the case. The stipulation of facts shows that prior to the filing of the Debtors' petition, they had a liability to SSA of $7,416.00. (3) Mutuality of the debt and claim. This court has adopted the unitary federal creditor position. *See supra* note 6. Accordingly, the elements necessary to establish a creditor's right to setoff in this case have been met.

It is necessary to address whether the SSA obtained an improvement in its position which is avoidable under 11 U.S.C. § 553(b). *Collier on Bankruptcy* offers a clear illustration of the calculation of any avoidable improvements. *See 5 Collier on Bankruptcy* ¶ 553.09[2][a]. According to *Collier*, § 553(b) requires a computation of the creditor's setoff position ninety (90) days before the commencement of debtor's case. In this case, the Debtors filed their chapter 7 petition on June 11, 2007 and March 13, 2007 is the ninetieth day before June 11, 2007. In looking at the definition of insufficiency in 11 U.S.C. § 553(b)(2), the amount by which the claim of the SSA against the Debtors exceeds a mutual debt owing to the Debtors by the holder of such claim was $7,416.00 (the claim of the SSA) less $2,577.00 (the Debtors' tax refund for the tax year 2006). This results in an insufficiency of $4,839.00. Thus, the insufficiency for purposes of 11 U.S.C. § 553(b)(1)(A) is $4,839.00. The second computation is to determine any subsequent improvement in the creditor's setoff position. This requires a comparison between the creditor's setoff position at the initial reference point (in our case ninety days before the filing of the chapter 7 petition) and the day on which any setoff was actually made (in this case April 21, 2007). On April 21, 2007, there was no change in the "insufficiency" because on that date the debt owed by the Debtors to the SSA was $7,416.00 and the debt it owed to the debtors was $2,577.00 leaving the same insufficiency of $4,839.00.

The language of 11 U.S.C. § 553(b)(1) permits the trustee to recover from the creditor the amount so offset "to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of (A) ninety days before the date of the filing of the petition." In this case, the insufficiency on the date of the setoff and the insufficiency ninety days before the date of the filing of the petition are identical. Thus, the SSA had no improvement in its position and a trustee in bankruptcy could not recover the setoff. Therefore, the Debtors cannot prevail under 11 U.S.C. § 522(g) and (h).

### Conclusion:

This court holds that the Debtors may not utilize 11 U.S.C. § 522(h) to recover under 11 U.S.C. § 553(b) the setoff of the Debtors' 2006 income tax refund against the prepetition claim of the SSA for overpayment of social security benefits because the insufficiency on the date of the setoff was not less than the insufficiency ninety days before the date of the filing of the Debtors' petition. Accordingly, it is

### ORDERED:

That the Debtors' complaint to recover a setoff by the Social Security Administration through the United States Internal Revenue Service in the amount of $2,577.00 be, and it hereby is **DENIED**, and the complaint is **DISMISSED**.

Copies of this order are directed to be sent to Mark S. Lewis, Esquire, counsel for the Debtors; and to Thomas L. Eckert, Esquire, Assistant U.S. Attorney; and to the chapter 7 Trustee.